UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 14-12204 |
| JOHN AND MELANIE HOTOP | SECTION "B" |
| DEBTORS | CHAPTER 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JOHN AND MELANIE HOTOP
    PLAINTIFFS

VERSUS                                                             ADVERSARY
                                                                                                                  PROCEEDING NO. 14-1062

WELLS FARGO BANK N.A.
    DEFENDANT

**MEMORANDUM OPINION**

This matter came before the court on the Motion to Dismiss (P-6) filed by creditor Wells Fargo Bank N.A. ("Wells Fargo") and the objection thereto (P-10) filed by the debtors, John and Melanie Hotop. For the reasons set forth below, the motion to dismiss is denied because 1) the court finds that the cause of action against Wells Fargo that was abandoned by a Chapter 7 Trustee in the debtors' Chapter 7 case became property of the Chapter 13 estate when the debtors converted their case to Chapter 13; 2) the court has jurisdiction over the adversary proceeding; and 3) it is unclear whether the debtors' causes of action against Wells Fargo have prescribed.

**I.**     **Background Facts**

The debtors' complaint states that the debtors purchased their home on February 19, 2008, and that on or about that date the mortgage that the debtors had granted for the purchase was assigned to Wells Fargo. All was apparently well until the debtors failed to make their June 2013 mortgage payment. The debtors aver that Wells Fargo then contacted them suggesting that relief could be obtained under the Home Affordable Mortgage Program ("HAMP") through a

1

mortgage loan modification or some other means. The debtors aver that Wells Fargo advised them not to make any mortgage payments while the loan modification process was proceeding. The debtors further aver that they worked with Wells Fargo to avoid the foreclosure process and received documents from Wells Fargo indicating that they were in compliance with the loan modification procedures and that their home was not in danger of imminent foreclosure. At the same time the debtors received from both Wells Fargo and its attorneys The Dean Morris Law Firm ("Dean Morris") conflicting documents stating that their home was about to be foreclosed on; some of the letters with the same dates or within a few days of the letters indicating Wells Fargo was not going to foreclose and was proceeding with the loan modification process. The debtors aver that they responded to all contacts from both Wells Fargo and Dean Morris. A foreclosure sale was set for January 15, 2014, but was later continued by Wells Fargo.

The debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on August 20, 2014.[1] Their bankruptcy schedules listed as an asset a contingent claim against Wells Fargo. On September 29, 2014 the Chapter 7 Trustee filed a notice of disclaimer and abandonment that specifically listed the contingent claim as an asset that the trustee was abandoning to the debtor (P-17). On November 3, 2014 Wells Fargo filed a motion for relief from stay as to the debtors' home (P-28). The debtors filed an objection to the motion and also filed the instant adversary proceeding against Wells Fargo. The court entered an order discharging the debtors on December 31, 2014 (P-43). The court entered an order granting Wells Fargo's motion to lift stay on January 12, 2015 (P-47). Wells Fargo filed its motion to dismiss this adversary proceeding on January 20, 2015. The debtors filed an *ex parte* motion to

---

[1] Bankruptcy Case Number 14-12204.

convert their Chapter 7 case to a Chapter 13 case on February 24, 2015 (P-51); no objection was filed, and the court granted the motion to convert by an order dated March 4, 2015 (P-54).

**The Motion to Dismiss**

Wells Fargo's motion to dismiss raises two points.  First, it states that the court lacks subject matter jurisdiction over the debtors' claims because the Chapter 7 Trustee abandoned the claims pursuant to 11 U.S.C. § 554(a).[2]  Second, Wells Fargo argues that most of the claims are subject to a one year prescriptive period, and as a result, those claims should be dismissed.  After the motion to dismiss was filed, the debtors converted their Chapter 7 case to a Chapter 13 case.  Wells Fargo did not object to the motion to convert.  The debtors then filed a response to Wells Fargo's motion to dismiss the adversary conceding that although the court may have lacked jurisdiction when the case was a Chapter 7 case, now that the case had been converted, the jurisdictional problems no longer existed.  The debtors also argued that their causes of action had not prescribed because the damage to the debtors is ongoing.  The debtor also raised s arguments contesting Wells Fargo's claim that November 14, 2013 is the date prescription began to run.  Finally, the debtors also raised an argument that section 108 of the Bankruptcy Code tolls the prescription period.

In it's reply to the debtors response to the motion to dismiss, Wells Fargo argues that the conversion to Chapter 13 does not solve the jurisdictional problem; that even if it does solve the jurisdictional problem, the court should voluntarily abstain from exercising jurisdiction; that because of the one year prescriptive period, prescription has run on all claims; and that section

---

[2] All references hereinafter to a section is to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

3

108 of the Bankruptcy Code does not apply in this case.

## II.     Legal Analysis

Wells Fargo brings this motion pursuant to Federal Rule of Civil Procedure Rules 12(b)(1) and 12(b)(6), made applicable to this adversary proceeding by Federal Rules of Bankruptcy Procedure Rule 7012. Rule 12(b)(1) allows a party to challenge the court's subject matter jurisdiction. Rule 12(b)(6) allows a party to assert a defense of failure to state a claim upon which relief can be granted. Both motions are filed in lieu of filing an answer.

### A.     Motion to Dismiss under Rule 12(b)(1).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[3] Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[4] "As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit. The district court should dismiss where it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."[5] The Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the

---

[3] *Morris v. Livingston,* 739 F.3d 740, 745 (5th Cir. 2014)(quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 762 (5th Cir. 2011)).

[4] *Alfonso v. United States,* 752 F.3d 622, 625 (5th Cir. 2014)(quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011)(internal citation and quotation marks omitted)).

[5] *Venable v. Louisiana Workers' Compensation Corp.,* 740 F.3d 937, 941 (5th Cir. 2014)(citations and internal quotations omitted).

following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[6]

The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6).[7] "'[T]he central issue [in deciding a motion to dismiss] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'"[8] To survive a Rule 12 motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

A bankruptcy court's jurisdiction extends to "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[11] Proceedings are "related to" bankruptcy cases if

---

[6] *Spotts v. United States,* 613 F.3d 559, 565-66 (5th Cir. 2010)(citation omitted); *Ambraco, Inc. v. Clipper Faith MV*, 570 F.3d 233, 238 (5th Cir. 2009)(in considering a Rule 12(b)(1) motion to dismiss, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments"), *cert. denied*, 588 U.S. 1111 (2009).

[7] *See Williams v. Wynne,* 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)(observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion).

[8] *Gentilello v. Rege,* 627 F.3d 540, 544 (5th Cir. 2010)(citation omitted).

[9] *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted).

[10] *Iqbal*, 129 S. Ct. at 1949.

[11] 28 U.S.C. § 1334(b).

their outcome "could conceivably have any effect on the estate being administered in bankruptcy."[12] "A 'conceivable effect' in this context is any that '*could* alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankrupt estate."[13]

Here, the debtors and Wells Fargo and this court agree that when the chapter 7 trustee abandoned his interest in the claims against Wells Fargo, the claim was no longer a part of the bankruptcy estate and reverted back to the debtors. This divested the bankruptcy court of its jurisdiction over the claim. The disagreement arises, however, as to what happened when the debtors then converted their chapter 7 case to a chapter 13 case. Wells Fargo contends that the claims are not part of the debtors chapter 13 estate, and hence, no bankruptcy court jurisdiction. The court disagrees.

Section 1306 of the Bankruptcy Code defines property of the estate for purposes of chapter 13:

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title–
> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.[14]

---

[12] *In the Matter of Spillman Development Group, Limited,* 710 F.3d 299 (5th Cir. 2013) (citing *In re Bass,* 171 F.3d 1016 (5th Cir. 1999)).

[13] *Spillman,* 710 F.3d at 304 (emphasis in original) (citing *in re Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir. 1988)).

[14] 11 U.S.C. § 1306(a).

Because chapter 13 is a reorganization proceeding as opposed to a chapter 7 liquidation proceeding the concept of property of the chapter 13 estate is different than in a chapter 7 case. "Property of the estate for Chapter 13 purposes must encompass property interests of the debtor during the pendency of the entire chapter 13 case, as well as property rights acquired by the chapter 13 estate after the commencement of the case."[15] For this reason, section 1306 expands the definition of property of the estate found in section 541 to include property acquired by the debtor after the commencement of the case. This is in contrast to a chapter 7 case, where property of the estate is limited to the property of the debtor at the commencement of the case.

Although the court did extensive research on the topic, it could find no cases or articles discussing the particular question of how property abandoned by a chapter 7 trustee should be treated when a case is converted to a chapter 13 after the order of abandonment is entered. Accordingly, as a matter of first impression, the court holds that because section 1306 states that property acquired by the debtor after the commencement of the case is part of the chapter 13 estate, the interest the debtors acquired in the suit against Wells Fargo when the chapter 7 trustee abandoned that interest became part of the chapter 13 estate when the debtors converted their case. If the court were to hold otherwise, and the debtors subsequently recovered money in their suit against Wells Fargo, it would be a windfall to the debtors if they were not required to use that money to pay their creditors. Because the court finds that the debtors' cause of action against Wells Fargo is property of the estate, even if this matter is a "non-core" matter, the court has at least "related to" jurisdiction over the suit.

The court next turns to Wells Fargo's argument that the court still has no jurisdiction to

---

[15] 8 Collier on Bankruptcy ¶ 1306.1 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

hear the matter under the United States Supreme Court decision *Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

*Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), addresses bankruptcy court jurisdiction over state law causes of action. The decision limits bankruptcy court jurisdiction in these cases, but emphasizes that bankruptcy judges may still hear these cases and submit proposed findings of fact and conclusions of law to the district court for entry of a final judgment. A second case on the issue was recently decided by the Supreme Court. *Executive Benefits Insurance Agency v. Arkison*, 134 S.Ct. 2165 (2014). *Executive Benefits* states:

> Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. The, the district court must review the proceeding *de novo* and enter final judgment.[16]

Thus, *Stern v. Marshall* does not require that the bankruptcy court refrain from hearing cases with "related to" jurisdiction, rather it only prevents this court from entering a final judgment in those cases:

> [W]e are not convinced that the practical consequences of such limitations on the authority of bankruptcy courts to enter final judgments are as significant as Vickie and the dissent suggest. . . . As described above, the current bankruptcy system also requires the district court to review *de novo* and enter final judgment on any matters that are "related to" the bankruptcy court proceedings, § 157(c)(1), and permits the district court to withdraw the reference from the bankruptcy court and referred case, proceeding, or part thereof, § 157(d). Pierce has not argued that the bankruptcy courts "are barred from 'hearing' all counterclaims" or proposing findings of fact and conclusions of law on those matters, but rather that it must be the district court that "finally decides" them. We do not think the removal of counterclaims such as Vickie's from core bankruptcy jurisdiction meaningfully changes the division of labor in the current statute; we agree with the United

---

[16] *Executive Benefits v. Arkison,* 134 S.Ct. at 2165 (2014).

States that the question presented here is a "narrow" one.[17]

Wells Fargo also argues that because the adversary proceeding, other than the Fair Debt Collection Practices Act claim, consists of state law causes of action the court should abstain from hearing the case. If this were a case that had been removed from state court to the bankruptcy court this argument might have some appeal, and the court might consider permissive abstention pursuant to 28 U.S.C. § 1334(c) if Wells Fargo could show that the state court could adjudicate the mater in a timely manner, or show some other compelling reason for abstention. Because there is no state court suit to abstain in favor of, however, the court does not accept Wells Fargo's argument in favor of abstention.

The court will try this case and enter final judgment in those matters over which it has "core" jurisdiction. In the remaining matters, it will enter proposed findings of fact and conclusions of law, which it will then forward to the district court for review and final judgment consistent with § 157(c)(1), and as dictated by *Stern v. Marshall*. This does not prevent Wells Fargo from seeking to withdraw the reference in this case.

B.   **Motion to Dismiss under Rule 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action if the plaintiff cannot show any set of facts or possible theory consistent with the allegations in the complaint entitling him to relief.[18] "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim

---

[17] *Stern v. Marshall,* 131 S.Ct. at 2620 (2011).

[18] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007); *see also Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001).

9

for relief."[19] In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563 (2007), the Supreme Court clarified the plaintiff's burden when it announced "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." Accordingly, for purposes of a motion to dismiss, all facts alleged in the debtors' complaint are accepted as true. *Twombly* also held that in a motion under FRCP 12(b)(6), the plaintiff is required to provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . . ." The plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[20] A complaint has "facial plausibility" when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] The plausibility requirement is not akin to a probability requirement, but requires "more than a sheer possibility" that the defendant is liable.[22]

Wells Fargo raises the question of whether some of the debtors' claims are prescribed.[23] The debtors raise two arguments to counter this. First, the debtors argue that the damages caused by Wells Fargo are ongoing, or in the nature of a continuing tort. The Fifth Circuit court of Appeals held in *Terrebonne Parish School Board v. Mobil Oil Corp.,* 310 F.3d 870 (5th Cir.

---

[19] *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997) (quoting 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1357, at 601 (1969)).

[20] 550 U.S. at 561.

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

[22] *Id.*

[23] Specifically, Wells Fargo argues that the claims for negligence, negligent misrepresentation, and intentional misrepresentation are prescribed because they have a a one year prescription period under Louisiana law. Wells Fargo also argues that violation of the Fair Debt Collection Practices Act has a one year statute of limitations under federal statute.

2002) that, "a continuing tort is occasioned by the continual unlawful acts, not the continuation of the ill effects of an original unlawful act."[24] Because the court must take all facts alleged by the plaintiff as true when considering a motion to dismiss, the court is bound to accept this argument absent a clear showing that this is not true. On the facts presented by the debtors in their complaint and the arguments in the motion to dismiss, the court cannot unequivocally hold that prescription has run on the causes of action articulated in the debtors' complaint. If the court takes as true that Wells Fargo initiated a foreclosure proceeding against the debtors in lieu of working towards a loan modification in contravention of the representations made in various letters to the debtors, it is possible that there were actions taken by Wells Fargo after November 14, 2013 that harmed the debtors. The debtors claim this is so, and the court must view the facts in the light most favorable to the debtors when considering a motion to dismiss.

Second, the debtors argue that section 108 of the Bankruptcy Code has extended their time to file suit. Wells Fargo argues that section 108 applies only to the trustee. Collier on Bankruptcy states that a chapter 13 debtor as well as chapter 11 or chapter 12 debtor in possession can use the section 108 rights afforded to a trustee, and the court has not found any direct authority to the contrary.[25] For this reason and because it is not readily apparent that prescription has run, the court declines to grant Wells Fargo's motion to dismiss on the prescription argument. After an answer has been filed and there are more facts before the court,

---

[24] *Terrebonne Parish School Board v. Mobil Oil Corp.,* 310 F.3d 870, 885 (5th Cir. 2002).

[25] 2 Collier on Bankruptcy ¶ 108.02[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

11

it may well become apparent that the claims have prescribed. Dismissal at this juncture, however, is inappropriate.

## III.     Conclusion

Because Wells Fargo has not shown that it is entitled to dismissal of the debtors' complaint, the court denies Wells Fargo's motion to dismiss.

New Orleans, Louisiana, June 16, 2015.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge